UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GABRIEL DOE,<br><br>  Plaintiff,<br><br>v.<br><br>UNIVERSAL HEALTH SERVICES, INC.; TARRANT COUNTY HOSPITAL DISTRICT, d/b/a JOHN PETER SMITH HOSPITAL; and SHAHZAD SAEED ALLAWALA,<br><br>  Defendants. | Cause No. 4:20-cv-221 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gabriel Doe, complaining of and against Defendants Universal Health Services, Inc., Tarrant County Hospital District, d/b/a John Peter Smith Hospital, and Shahzad Saeed Allawala, alleges as follows:

### INTRODUCTION

1. Mr. Doe is a thirty-one year-old adult who grew up in and currently resides in Tarrant County, Texas.

2. Since August of 2016, Mr. Doe has had a neurological condition due to which he has experienced auditory hallucinations and unwanted intrusive thoughts, along with other debilitating afflictions.

3. Mr. Doe's experiences of this sort have varied in intensity during this period. During a few periods of higher intensity, Mr. Doe has spent time in psychiatric hospitals. Psychiatrists and neurologists have described Mr. Doe's experiences as episodes of psychosis, but generally have not identified any more specific diagnosis.

4. In March of 2018, Mr. Doe experienced significant auditory hallucinations and unwanted intrusive thoughts. Based on their observations of his erratic behavior, the police detained Mr. Doe in a parking lot in Arlington, Texas, on March 8, 2018, and transported him to John Peter Smith Hospital ("JPS") in Fort Worth, Texas, for evaluation. On information and belief, the police in Tarrant County, Texas, in which Arlington is located, are tasked with transporting those they view as requiring psychiatric evaluation to JPS as the medical facility entrusted with such a role by state and local governments.

5. The attending physician at JPS indicated that Mr. Doe required treatment at a psychiatric hospital, but further explained that JPS had no available beds for this purpose. Consequently, JPS instructed the police to transport Mr. Doe to Millwood Hospital ("Millwood") in Arlington, Texas—a psychiatric hospital owned and operated by Defendant Universal Health Services, Inc. On information and belief, JPS contracts with Millwood and its operator to provide such services to individuals referred for evaluation and possible treatment by law enforcement officials when occasion arises and when JPS cannot itself perform this function.

6. Upon arrival at Millwood, Mr. Doe was unnecessarily strip-searched and, on information and belief, was unnecessarily medicated against his will. During his stay at Millwood until he was released on or about March 20, 2018, Millwood staff, among other things, (1) twice restrained Mr. Doe and forced medications on Mr. Doe unnecessarily and contrary to applicable law, (2) refused to provide him with necessary medications prescribed him by his regular treating neurologist, despite having received information from that neurologist and others indicating the need for such medications, (3) forcibly and illegally imposed medical procedures on Mr. Doe, such as jamming a thermometer into his mouth against his will, and (4) detained him against his will without medical basis for longer than necessary given the inappropriate "treatment" provided, basing the length of his stay on predetermined financial considerations rather than any reasoned initial evaluation and continued charting of the patient's actual needs.

7. Mr. Doe suffered substantial injury from Millwood's actions and omissions. He seeks damages accordingly. On information and belief, JPS sent Mr. Doe to Millwood with actual or constructive knowledge of Millwood's inappropriate handling of patients. Mr. Doe seeks injunctive relief against JPS. Specifically, Mr. Doe asks this Court to enjoin JPS from continuing to send patients referred by law enforcement agencies to Millwood or any other private psychiatric facility until it has issued a set of protocols and standards which those facilities must uniformly follow in addressing the needs of those patients, including (1) standards requiring the elimination of strip searches unless strictly necessary, (2) standards strictly limiting involuntary medication, and (3) standards strictly dissociating the determination of length of stay from the consideration of predetermined financial constraints imposed by insurers.

## **PARTIES**

8. Plaintiff Gabriel Doe is an adult thirty-one year-old male. Plaintiff resides in Tarrant County, Texas.

9. Defendant Universal Health Services, Inc., is a Delaware corporation with its principal place of business located in King of Prussia, Pennsylvania. Defendant is registered to do and is doing business in the State of Texas and may be served with process through its registered agent in Texas: Corporation Services Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Defendant Universal Health Services, Inc., owns and operates Millwood Hospital at 1011 North Cooper Street, Arlington, Texas 76011.

10. Defendant Tarrant County Hospital District is a not-for-profit organization created under authority of Chapter 281, Texas Health & Safety Code, to provide preventative and primary care for all Tarrant County residents. It receives funds from various sources, including tax revenues from the County of Tarrant. It does business as John Peter Smith Hospital and, in that capacity, is the designated county hospital system for Tarrant County. JPS is an unincorporated entity of Tarrant County which can be served through its Chief Executive Officer, Robert Earley, at John Peter Smith Hospital, 1500 S. Main Street, Fort Worth, Texas 76104.

11. Dr. Shahzad Saeed Allawala is a physician who practices in part at Millwood Hospital. He may be served at Millwood Hospital at 1011 North Cooper Street, Arlington, Texas 76011.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the Constitution and laws of the United States.

13. This Court has supplemental jurisdiction over the state law claims in this action under 28 U.S.C. § 1367 because they form part of the same case and controversy as the federal claims.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## BACKGROUND FACTS

15. Gabriel Doe is a thirty-one year-old adult who resides in Tarrant County, Texas.

16. Since August of 2016, Gabriel Doe has had a neurological condition due to which he has experienced auditory hallucinations and unwanted intrusive thoughts, along with other debilitating symptoms.

17. Mr. Doe has spent time in psychiatric hospitals between August of 2016 and the present on four separate occasions. On each of the first three occasions, Mr. Doe received medication that, while failing to resolve his difficulties completely or permanently, at least gave him some temporary respite and did not intensify those difficulties.

18. Neither the psychiatric hospitals nor any psychiatrists visited subsequently developed any clear diagnoses for Mr. Doe's condition. Rather, his condition was generally viewed as an unexplained psychosis.

19.     In particular, Defendant John Peter Smith Hospital, during the course of a short five-day stay in March 2017, made clear that it could not draw any conclusions at all about Mr. Doe's condition.  Indeed, it expressed an interest in conducting further study on Mr. Doe, but had to release him in short order as it had no grounds to detain him.

20.     It became clear soon after the onset of Mr. Doe's condition in August 2016 that benzodiazepines had a significant impact on the symptoms he was experiencing.  Mr. Doe was not a user of benzodiazepines prior to that point.  The first psychiatric hospital Mr. Doe attended—in September 2016—prescribed him a benzodiazepine, clonazepam, which Mr. Doe began taking routinely about a month later.  Clonazepam greatly reduced Mr. Doe's auditory hallucinations, particularly in the early stages of its use.  If Mr. Doe reduced his intake of clonazepam at all, his symptoms greatly increased.

21.     On March 8, 2018, Mr. Doe had an episode of psychosis during which he was detained by law enforcement in Arlington, Texas.  He was transported to the JPS hospital in Fort Worth, Texas.

22.     After Defendant JPS indicated it could not house and serve Mr. Doe, it had him transferred to Millwood Hospital in Arlington, Texas.  Immediately upon his admission into Millwood Hospital, Mr. Doe was unreasonably strip-searched.  He had been under the control of law enforcement for many hours at that point and had had no clothes on when apprehended.  It would have been impossible for Mr. Doe to conceal contraband in his clothes or on his person under these circumstances.  Defendants were aware of this fact and had no grounds to impose a strip search.

23. Although informed of the significant effects of the clonazepam prescribed to Mr. Doe on Mr. Doe's symptoms by both Mr. Doe's family and his neurologist and of the dangers of immediately terminating that medication, Millwood Hospital and Defendant Allawala declined to provide him this medication even while Mr. Doe declined to take any antipsychotic medications offered him.  Mr. Doe deteriorated dramatically while in Millwood Hospital in part as a result.  He began having detailed visual hallucinations, when he had never experienced such visual hallucinations previously.  His auditory hallucinations increased dramatically.  Likewise, his paranoia increased to a dramatic extent.

24. Furthermore, Millwood Hospital and its staff under the direction of Defendant Allawala forcibly restrained Mr. Doe at least twice and at least twice forced medications on Mr. Doe unnecessarily and contrary to applicable law.  In each of these circumstances, the forcible administration of medication was uncalled for under the circumstances.  In the first of these situations, Mr. Doe was simply eating lunch outside his room and then engaged in some swimming motions, none of which posed any threat or even inconvenience to any staff members or patients.  In the second of these situations, Mr. Doe had been physically attacked by another patient.  On information and belief, no medication was involuntarily administered to the attacking patient.  On information and belief, Defendant Allawala and Millwood staff administered medication involuntarily to Mr. Doe not by virtue of any established or appropriate protocols, but simply as a mechanism for impermissibly tranquilizing him in light of the perceived nature of his disability.

25. Furthermore, Millwood staff forcibly and illegally imposed medical procedures on Mr. Doe, such as jamming a thermometer into his mouth against his will.  Neither Dr.

Allawala nor any Millwood staff member had obtained any court order authorizing involuntary medical procedures of any type with respect to Mr. Doe.  Mr. Doe had the right to refuse treatment, and Defendants imposed such treatment against his will.

26.     Furthermore, Dr. Allawala and Millwood retained Mr. Doe against his will without medical basis for longer than necessary given the inappropriate "treatment" provided, basing the length of his stay on predetermined financial considerations rather than any reasoned initial evaluation and continued charting of the patient's actual needs.  Mr. Doe declined to take antipsychotic medications for a number of days at the beginning of his stay at Millwood.  Even when he was declining to take such medications, Dr. Allawala and his staff predicted that he would stay at Millwood for exactly the number of days authorized for payment by the insurance company based on the supposed ground that his use of the antipsychotic medication would take that long to put him at a treatment stage where release would become appropriate.  However, such a prediction could have no foundation when Mr. Doe was declining the antipsychotic medication altogether when the prediction was made.  On information and belief, Dr. Allawala made such predictions and kept Mr. Doe detained only to maximize their profits from the insurer.  Mr. Doe was not at a different stage of psychosis when he left Millwood than he was many days before when Defendants refused to allow him to leave.  They allowed him to leave only when they could no longer bill an insurer for him to stay.

27.     Mr. Doe suffered significant injury as a result of Defendants' actions.  He suffered physical and emotional distress during his time at Millwood and afterwards as a result of these actions.  In particular, on information and belief, his neurological condition was greatly exacerbated both by the deprivation of his prescribed clonazepam and by the forced

administration of medication.  Mr. Doe's symptoms increased dramatically while at Millwood and thereafter.

28. The Tarrant County Hospital District has an obligation to ensure that, if it cannot adequately care for patients detained by law enforcement for evaluation purposes itself, it sends them to hospitals that follow appropriate protocols.  As demonstrated by Mr. Doe's experiences, it does not.

## COUNT I:
## AMERICANS WITH DISABILITIES ACT

29. Plaintiff incorporates by reference paragraphs 1-28 as set forth above.

30. The Tarrant County Hospital District is a public entity within the meaning of that term under Title II of the ADA.

31. When accepting patients from the Tarrant County Hospital District who were detained by law enforcement, Millwood Hospital and its owners and operators step into the shoes of the governmental entity and take on the responsibilities of a public entity.  Dr. Allawala is an agent of these public entities in this respect.

32. Mr. Doe is a qualified individual with a disability under the Americans with Disabilities Act.

33. The acts of the Tarrant County Hospital District, Universal Health Services, Inc., and Dr. Allawala constitute unlawful discrimination under 42 U.S.C. § 12132 and violate the integration mandate of the regulations implementing these statutory prohibitions against discrimination, 28 C.F.R. §§ 35.130(d).

## COUNT II:
## DUE PROCESS (SECTION 1983)

34. Plaintiff incorporates by reference paragraphs 1-33 as set forth above.

35. Tarrant County Hospital District is a governmental agency. Universal Health Services, Inc., and Dr. Allawala step in the shoes of the Tarrant County Hospital District when they accept patients detained by law enforcement for evaluation.

36. Defendants violated Plaintiff's rights to due process and deprived him of liberty interests by forcibly medicating him and performing procedures on him without appropriate basis and without court order or other appropriate procedural mechanism and by detaining him without medical justification purely for the sake of financial gain.

## COUNT III:
## MEDICAL NEGLIGENCE

37. Plaintiff incorporates by reference paragraphs 1-36 as set forth above.

38. Defendants are physicians and/or health care providers.

39. Defendants owed Plaintiff a duty of care, given that he was involuntarily detained for the purpose of obtaining their evaluation and treatment.

40. Defendants breached their duty of care to Plaintiff as they refused to provide his prescribed medication, forcibly medicated him without medical justification, impermissibly forced medical procedures on him, and engaged in other acts and omissions which violated the applicable standard of care.

41. Defendants' breaches proximately caused Plaintiff's injuries.

## COUNT IV:
## NEGLIGENCE

42. Plaintiff incorporates by reference paragraphs 1-41 as set forth above.

43. Defendants owed Plaintiff a legal duty, given that he was involuntarily detained for the purpose of obtaining their evaluation and treatment.

44. Defendants breached their duty of care to Plaintiff as they refused to provide his prescribed medication, forcibly medicated him without medical justification, impermissibly forced medical procedures on him, and engaged in other acts and omissions which violated the applicable standard of care.

45. Defendants' breaches proximately caused Plaintiff's injuries.

## COUNT V:
## FALSE IMPRISONMENT

46. Plaintiff incorporates by reference paragraphs 1-45 as set forth above.

47. Defendants willfully detained Plaintiff without Plaintiff's consent.

48. For the period of time for which Defendants had no medical justification for detaining Plaintiff and for which Defendants detained Plaintiff merely for the purpose of increasing their own profit, the detention was without legal authority or justification.

## COUNT VI:
## OFFENSIVE PHYSICAL CONTACT

49. Plaintiff incorporates by reference paragraphs 1-48 as set forth above.

50. Defendants acted intentionally and knowingly in making contact with Plaintiff's person, both in forcibly medicating him and in conducting forcible medical procedures on him, such as forcibly jamming a thermometer into his mouth.

51. Defendants knew or reasonably should have believed that Plaintiff would regard the contact as offensive or provocative.

52. Defendants' contact caused injury to Plaintiff, both in terms of immediate distress and in terms of long term exacerbation of his neurological condition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. That this Court assume jurisdiction of this cause;

B. That this Court, upon final trial of this matter, enter a permanent injunction enjoining Defendant Tarrant County Hospital District d/b/a John Peter Smith Hospital from continuing to send patients referred by law enforcement agencies to Millwood Hospital or any other private psychiatric facility until it has issued a set of protocols and standards which those facilities must uniformly follow in addressing the needs of those patients, including (1) standards requiring the elimination of strip searches unless strictly necessary, (2) standards strictly limiting involuntary medication, and (3) standards strictly dissociating the determination of length of stay from the consideration of predetermined financial constraints imposed by insurers.

C. That this Court, upon final trial of this matter, award Plaintiff damages, including general damages and damages for past and future pain and suffering and mental anguish;

D. That this Court award Plaintiff his costs and fees, including reasonable attorneys' fees; and

E. That this Court grant such additional relief as it deems equitable and just.

Dated:  March 8, 2020

    Respectfully Submitted,

    /s/ Mark Whitburn

    **Attorneys for Plaintiffs**

    **Mark Whitburn**
    Texas Bar No. 24042144
    **Whitburn & Pevsner, PLLC**
    2000 E. Lamar Blvd., Suite 600
    Arlington, Texas 76006
    Tel: (682) 706-3750
    Fax: (682) 706-3789
    mwhitburn@whitburnpevsner.com